IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 2, 2005

## STATE OF TENNESSEE v. ERIC RICE

**Direct Appeal from the Circuit Court for Madison County**
No. 04-656    Roger A. Page, Judge

No. W2004-03024-CCA-R3-CD  - Filed September 14, 2005

The defendant, Eric Rice, pled guilty to one count of statutory rape, a Class E felony, and applied for judicial diversion pursuant to Tennessee Code Annotated section 40-35-313. The trial court denied the application for judicial diversion and sentenced the defendant as a standard offender. On appeal, the defendant argues that the trial court erred in denying judicial diversion. After our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which DAVID H. WELLES and NORMA MCGEE OGLE, JJ., joined.

David H. Crichton, Assistant Public Defender, for the appellant, Eric Rice.

Paul G. Summers, Attorney General and Reporter; Brian C. Johnson, Assistant Attorney General; James G. Woodall, District Attorney General; and Jim Thompson, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### BACKGROUND

The defendant pled guilty to one count of statutory rape[1] arising out of his consensual sexual intercourse with a thirteen year-old in July 2003. The pre-sentence report detailed both the victim's and the defendant's recollection of the incident. The victim stated that she called the defendant and asked him to come over to a friend's house, where they had consensual sexual intercourse. The defendant likewise stated that the victim called him and invited him over to a friend's house.

---

[1] Tennessee Code Annotated section 39-13-506 states that statutory rape is "the sexual penetration of a victim by the defendant or of the defendant by the victim when the victim is at least thirteen (13) but less than eighteen (18) years of age and the defendant is at least four (4) years older than the victim.

At the diversion hearing, the defendant testified that he was almost nineteen at the time of the offense and that he, based on what the victim told him, believed the victim was sixteen years old. The defendant also testified that this incident taught him not to go around with younger girls. The pre-sentence report, as well as the defendant's testimony, indicated that he had no other criminal convictions, planned on getting his GED, never used drugs, had no physical or mental health problems, had some varied work history, but desired to go to auto mechanic school.

The trial court denied the defendant's request for judicial diversion stating:

> [T]here are several factors set forth in the statute and also by case law that . . . I must consider when determining whether or not one gets diversion the circumstances of the offense is very important, any criminal record he has, his social history, the amenability of this defendant to correction, the status of his mental health and physical health, any deterrence value to the accused as well as others, and whether judicial diversion will serve the ends of justice, the public as well as the Defendant.
>
> . . . .
>
> But I've gone over the criteria that I'm supposed to consider. I mean, [the defendant] has some things in his favor here and certainly that he has no prior criminal history is very good.
>
> He has some things that are not in his favor. He doesn't have a very good work history. [He] doesn't have a high school diploma, dropped out in the ninth grade. He says he's trying to get a GED but, of course, I don't have any proof of that other than his testimony.
>
> Considering these factors, the Court's greatest concern here is . . . the age of this victim. She was barely thirteen years old.
>
> . . . .
>
> I've stated for the record . . . considering the circumstances of the offense, his amenability to correction. . . .This happened eighteen months ago and he's stated he's not been in any more trouble. He doesn't have any criminal record. Those things are certainly in his favor.
>
> He doesn't have regular employment. He . . . didn't finish school.
>
> [W]eighing everything together, considering his amenability to correction but primarily the circumstances of the offense . . . because of her age being just barely

thirteen, I just cannot in good conscience grant him diversion in this case. So I'm going to deny it.

The trial court sentenced the defendant to two years as a standard offender with credit for time served, the balance to be spent in a community corrections program. The trial court also imposed a fine, ordered the defendant to perform 100 hours of community service and abide by the Sexual Offender Registry Law. The defendant appealed the trial court's denial of judicial diversion.

**ANALYSIS**

On appeal, the defendant argues that the trial court abused its discretion in denying diversion and failing to elucidate its reasoning for denial. When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this Court to conduct a de novo review of the record with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The burden of showing that the sentence is improper is upon the defendant. Id. In the event the record fails to demonstrate the required consideration by the trial court, review of the sentence is purely de novo. Id. If appellate review reflects that the trial court properly considered all relevant factors and its findings of fact are adequately supported by the record, this Court must affirm the sentence "even if we would have preferred a different result." State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

Under the judicial diversion statute, the trial court may, in its discretion, defer further proceedings and place a qualified defendant on probation without entering a judgment of guilty. Tenn. Code Ann. § 40-35-313(a)(1)(A). A qualified defendant is a defendant who pleads guilty or is found guilty of a misdemeanor or a Class C, D or E felony; who has not previously been convicted of a felony or a Class A misdemeanor; and who is not seeking deferral for certain sex offenses.[2] Tenn. Code Ann. § 40-35-313(a)(1)(B)(I).

A defendant who is eligible for judicial diversion; however, is not entitled to such as a matter of right. See State v. Bonestel, 871 S.W.2d 163, 168 (Tenn. Crim. App. 1993) (overruled on other grounds by State v. Hooper, 29 S.W.3d 1, 9 (Tenn. 2000)). The decision of whether to place a defendant on judicial diversion is within the sound discretion of the trial court. State v. Harris, 953 S.W.2d 701, 705 (Tenn. Crim. App. 1996). Therefore, the trial court's denial of judicial diversion is subject to reversal on appeal only if the court abused its discretion. See State v. Robinson, 139 S.W.3d 661, 665 (Tenn. Crim. App. 2004). An abuse of discretion occurs when the trial court's denial of judicial diversion is unsupported by any substantial evidence. See State v. Parker, 932 S.W.2d 945, 958 (Tenn. Crim. App. 1996).

---

[2]Statutory rape is not one of the excluded sexual offenses.

-3-

"Tennessee courts have recognized the similarities between judicial diversion and pretrial diversion and, thus, have drawn heavily from the case law governing pretrial diversion to analyze cases involving judicial diversion." State v. Cutshaw, 967 S.W.2d 332, 343 (Tenn. Crim. App. 1997). Accordingly, in determining whether to grant or deny judicial diversion, the trial court must consider (a) the accused's amenability to correction, (b) the circumstances of the offense, (c) the accused's criminal record, (d) the accused's social history, (e) the accused's physical and mental health, (f) the deterrence value to the accused as well as others, and (g) whether judicial diversion will serve the interests of the public as well as the accused. Parker, 932 S.W.2d at 958; Bonestel, 871 S.W.2d at 168. Additional factors which may be considered include the defendant's "attitude, his behavior since his arrest, his home environment, current drug usage, emotional stability, past employment, general reputation, family responsibilities, and the attitude of law enforcement." State v. Lewis, 978 S.W.2d 558, 566 (Tenn. Crim. App. 1997). Moreover, the record must reflect that the court has weighed all of the factors in reaching its determination. State v. Electroplating, Inc., 990 S.W.2d 211, 229 (Tenn. Crim. App. 1998). That is, the court must explain on the record why the defendant does not qualify under its analysis, and if the court has based its determination on only some of the factors, it must explain why these factors outweigh the others. See id.

In the instant case, the trial court denied diversion based primarily on the circumstances of the offense, focusing upon the age of the victim. However, the trial court did note that it analyzed all criteria it was supposed to consider. The court stated that it considered the defendant's work history, amenability to correction, lack of criminal record and educational background. Although the trial court did not state on the record the precise weighing process used, it did state that various factors weighed for and against diversion. In particular, the court said "weighing everything together, considering his amenability to correction . . . the circumstances of the offense . . ." After our review, we conclude that the trial court properly considered and weighed all relevant factors. Therefore, we affirm the judgment of the trial court.

## CONCLUSION

Accordingly, the judgment of the trial court is affirmed.

_____
J.C. McLIN, JUDGE

-4-